UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES YOUNG,

                Petitioner,                 **ORDER**
                                                          No. 07-CV-0371(VEB)

   -vs-

ROBERT A. KIRKPATRICK,

                Respondent.

---

*Pro se* petitioner James Young ("Young" or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the Court is Young's motion for a stay. Young avers that he requires his petition be held in abeyance "to allow petitioner to pursue his unexhausted claims in State court pursuant to C.P.L. § 440.10 based upon petitioner's receipt of document's [sic] via Freedom of Information Law constituting "newly discovered evidence; material evidence adduced at trial was false . . . ." Petitioner's Notice of Motion (Docket No. 7); *see also* Petitioner's Affidavit in Support of Motion ("Pet'r Aff.") at 1 (Docket No 7).

Young mentions the phrase "newly discovered evidence," but he in fact appears to be alleging a violation of the prosecution's discovery obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), although he does not mention *Brady* or any of its progeny.[1] Young also states "that his trial counsel failed to conduct a prompt investigation and abandoned the 'Discovery Doctrine' pursuant to C.P.L. 240," suggesting that trial counsel somehow erred–although it is not clear how Young believes that counsel erred.

---

[1]    *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999) ("There are three components of a true *Brady* violation: that the evidence must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that the evidence must have been suppressed by the state, either wilfully or inadvertently; and that prejudice to the petitioner must have ensued.").

As an initial matter, I note that petitioner's motion to hold the petition in abeyance does not identify the petition as a "mixed petition"–i.e., containing both exhausted and unexhausted claims, *see Rose v. Lundy*, 455 U.S. 509 (1982); *see also Zarvela v. Artuz*, 254 F.3d 374, 377 (2d Cir.) ("We conclude that a district judge confronting a mixed petition has discretion either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition."), *cert. denied sub. nom. Fischer v. Zarvela*, 534 U.S. 1015 (2001). Assuming that petitioner has fulfilled the *Rhines* criteria for invoking the stay and abeyance procedure, the Court may, in its discretion, stay a habeas case while a petitioner pursues state remedies on unexhausted claims.

Notably, the stay-and-abeyance procedure is available when the Court is confronted by a mixed petition. Here, however, no mixed petition is presented in this case at this time; I note that respondent did not raise the defense of non-exhaustion with regard to any of the claims in Young's initial petition. Indeed, it appears that Young is seeking to add two unexhausted "new" claims to the petition–namely, a *Brady* violation and ineffective assistance of trial counsel. Because the petition appears to contain only exhausted claims, Young must, in addition to re-filing his motion for a stay, file a motion to amend the petition to include the new unexhausted claims petitioner seeks to add to the petition. The motion to amend the petition must attach a proposed amended petition that sets forth the factual predicates of *both* the claims now raised in the petition *and* the new claims that petitioner seeks to exhaust.

Furthermore, at this time, the Court does not have sufficient evidence to determine whether a stay is appropriate in Young's case. *See Rhines v. Weber*, 544 U.S. 267, 277-78 (2005). In particular, assuming that Young is attempting assert a new claim under *Brady v. Maryland*, the Court cannot decide whether it is "potentially meritorious" under *Rhines*, because

Young has not described the contents of the documentation he obtained pursuant to his F.O.I.L. request. Therefore, if and when Young re-files his motion for a stay and proposed amended petition, he *must* provide the Court with copies of the documentation on which he is basing his new, unexhausted claims for relief–namely, the "document's [received] [sic] via Freedom of Information Law constituting newly discovered evidence; material evidence adduced at trial [that] was false . . . ." Pet'r Notice of Motion at 1 (Docket No. 7).

Petitioner has not adequately identified the claim or claims he wishes to add to the petition, and he has failed to provide the Court with a sufficient basis on which to decide his motion to stay. Petitioner's request to hold this proceeding in abeyance with respect to any unexhausted claim or claims must be denied without prejudice. **The Court points out that this Order does not in any way limit petitioner's ability to begin to pursue any *state* court remedies that may be available to him with regard to his unexhausted claim or claims independent of his habeas petition. He is advised, however, that he must fulfill the conditions stated herein for amending his habeas petition so as to present any additional claims to this Court.**

Accordingly,

**IT IS HEREBY ORDERED THAT** Young's motion to hold the petition in abeyance (Docket No. 7) is **DENIED** without prejudice subject to his re-filing the motion and showing pursuant to *Rhines v. Weber*, 544 U.S. at 277-78, that (1) there is "good cause" for petitioner's failure to exhaust the new claims; (2) that the new claims relate back under FED. R. CIV. P. 15 and *Mayle v. Felix*, 545 U.S. at 650,[2] to the claims originally pled in the Petition; and (3) that the

---

[2] "An amended habeas petition . . . does not relate back (and thereby escape [28 U.S.C. § 2244(d)(1)]'s one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650.

new claims are potentially meritorious. **If petitioner re-files his motion for a stay, he must do so within thirty (30) days of his receipt of this Order.** Petitioner must serve the re-filed motion for a stay on respondent's counsel.

**IT IS FURTHER ORDERED** that to the extent Young seeks to add a new claim to the petition, he shall, in addition to re-filing the motion for a stay, file concurrently and serve upon respondent a motion to amend the petition pursuant to FED. R. CIV. P. 15 which addresses the issue of timeliness of the new claims and "relation back." Young must attach a proposed amended petition to his motion to amend. In the proposed amended petition, Young should set forth both the claims already raised in the instant habeas corpus petition *and* the new claims he seeks to exhaust and add to this proceeding. **If petitioner re-files his motion to amend the petition, he must do so within thirty (30) days of his receipt of this Order.** Petitioner's motion to amend the petition must be served upon respondent's counsel.

**IT IS FURTHER ORDERED** that should petitioner re-file his motion for a stay and a proposed amended petition, respondent shall have thirty (30) days from the date of service of those pleadings to submit an opposing memorandum of law. Petitioner shall have twenty (20) days from the date he receives respondent's opposition papers to submit a reply memorandum of law.

The Clerk of the Court is directed to send petitioner a Form Petition For Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254 as an attachment to this Order, which petitioner should use for his proposed amended petition.

**IT IS SO ORDERED**.

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   March 25, 2008
         Buffalo, New York.