UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES YOUNG,

                           Petitioner,

        -vs-
                                         **No.  07-CV-0371(VEB)**
                                         **DECISION AND ORDER**

ROBERT A. KIRKPATRICK,

                           Respondent.

On June 26, 2008, this Court issued a Decision and Order (Docket No. 17) denying with prejudice petitioner James Young's renewed Motion for a Stay (Docket Nos. 13 & 14), and denying his Motion to Amend his Petition as moot. The  Court found that Young had failed to meet the stringent requirements set forth in *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) for granting a stay–namely, the Young had not demonstrated either "good cause" for his failure to exhaust the unexhausted claim, or that the claim was "potentially meritorious." However, the Court did not indicate in its Order that Young had failed to make a "substantial showing of the denial of a constitutional right" so as to warrant a Certificate of Appealability under 28 U.S.C. § 2253(c). Young then filed a Notice of Interlocutory Appeal (Docket No. 18) as to the Court's denial of his stay motion.

By Mandate issued on October 27, 2008, the United States Court of Appeals for the Second Circuit (Docket No. 20), dismissed Young's appeal without prejudice to being reinstated upon notice to the District Court Clerk within 30 days from "the entry of an order by the district judge granting or denying a certificate of appealability."  The Second Circuit directed petitioner to promptly move for a Certificate of Appealability.  In the interest of judicial economy, the

Court considers Young's Notice of Appeal as a motion to proceed for a Certificate of

Appealability. Young cites in his Notice of Appeal the same reasons he cited in his reply brief

filed in response to respondent's opposition to his motion to stay and motion to amend. Thus,

Young's Notice of Appeal does not place any new information or arguments before the Court.

"The Supreme Court has held that a 'substantial showing' does not compel a petitioner to

demonstrate that he would prevail on the merits, but merely that the issues involved in his case

'are debatable among jurists of reason; that a court *could* resolve the issues [in a different

manner]; or that the questions are adequate to deserve encouragement to proceed further.'"

*Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 111-13 (2d Cir. 2000) (quoting

*Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983) (internal quotation marks omitted in original)

(emphasis and alteration in original) and citing *Tankleff v. Senkowski*, 135 F.3d 235, 242 (2d Cir.

1998) (same); *Nelson v. Walker*, 121 F.3d 828, 832 (2d Cir. 1997) (same)).

The crux of Young's motion for a stay and motion to amend is that a tape-recording of a

911 call was not turned over to trial counsel by the prosecutor, that this evidence was

"exculpatory" and was "suppressed" by the prosecutor, and that trial counsel failed to conduct a

prompt investigation and "abandoned the discovery doctrine pursuant to C.P.L. 240."[1]

Petitioner's Renewed Motion for a Stay (Docket No. 13). In opposition, respondent submitted the

letter from the assistant district attorney to petitioner's trial counsel, Michael Rooth, Esq.,

specifically listing all of the items turned over pursuant to C.P.L. 240.45, and noting that

---

[1]     Section 240.45 provides in relevant part that "[a]fter the jury has been sworn and before the prosecutor's opening address, or in the case of a single judge trial after commencement and before submission of evidence, the prosecutor shall, subject to a protective order, make available to the defendant: (a) Any written or recorded statement, including any testimony before a grand jury and an examination videotaped pursuant to section 190.32 of this chapter, made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness's testimony . . . ." N.Y. CRIM. PROC. LAW § 240.45(1).

videotapes and audiotapes were available for counsel to review. *See* Docket No. 15-2, Exhibit B to Respondent's Memorandum in Opposition (Docket No. 15). Respondent also attached an excerpt from the court proceeding wherein petitioner's trial counsel acknowledged receipt of the C.P.L. § 240.45 material set forth in the letter. *See* Docket No. 15-3, Exhibit C to Respondent's Memorandum in Opposition (Docket No. 15). Thus, the record refutes Young's contention that the information at issue was "suppressed" from the defense at the time of trial.

Furthermore, as respondent argued, it would be futile to stay the petition to allow Young to return to state court to exhaust either a claim alleging violation of the prosecution's disclosure obligations or a claim of ineffective assistance of trial counsel based on his alleged "abandon[ment of] the discovery doctrine pursuant to C.P.L. 240." This is because neither claim is exhausted, and would be procedurally barred pursuant to C.P.L. § 440.10(2)(c)[2] since there were sufficient facts contained in the record to have permitted appellate review and, as Young indicates in his habeas petition, trial counsel did not represent him on direct appeal, a different attorney did.

After reviewing its previous Order, as well as Young's motion pleadings, his notice of appeal, and respondent's pleadings in opposition to the stay motion, the Court finds that Young has failed to make a "substantial showing" that denial of his motion to amend and motion to stay resulted in the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Accordingly, the Court

---

[2]  "[T]he court must deny a motion to vacate a judgment when . . . (c) [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him . . . ." N.Y. CRIM. PROC. LAW § 440.10(2)(c); *see also Lebron v. Mann*, 40 F.3d 561 (2d Cir. 1994) ("A claim of ineffective assistance based on trial counsel's failure to assert the robbery self-defense justification could have been, but was not, presented to the Appellate Division. Therefore, that claim may not be reviewed collaterally in state court. N.Y. Crim. Proc. Law § 440.10(2)(c) Nor may it be reviewed in state court via reargument, McKinney's 1994 New York Rules of Court § 732.11, or by a new appeal to the New York Court of Appeals. *Id.* at § 500.10(a).").

denies a Certificate of Appealability.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____

VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:        October 29, 2008
              Buffalo, New York.